

**Adam I. Kleinberg**
*Partner*
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000 x236
akleinberg@guerciolaw.com

December 10, 2025

**Via ECF**
Hon. Nusrat J. Choudhury
United States District Court
Eastern District of New York

Re: *Yolanda Rodriguez v. Hempstead Union Free School District, et al.*
Docket No. 9:25-cv-06175 (NJC) (LCD)

Dear Judge Choudhury:

We represent defendants Hempstead Union Free School District (the "District") and Rowena Costa ("Principal Costa"). We write in compliance with Rule 5.1.1 of Your Honor's Individual Practices to request a pre-motion conference in anticipation of moving to dismiss the majority of the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**Background**

Plaintiff Yolanda Rodriguez ("Rodriguez") is the mother and natural guardian of A.M.R. Rodriguez filed this action on November 5, 2025, alleging that A.M.R. had been sexually assaulted by a classmate exactly 2 ½ years earlier, on May 5, 2023, while a District student. (ECF Doc. No. 1 ("Compl"). at ¶ 11.) Rodriguez alleges the sexual assault took place on District property, specifically at an elementary school, and was witnessed by classmates. (Compl. at ¶¶ 11, 13.) Rodriguez alleges a passerby intervened, alerted a school official, and called the police. (Compl. at ¶ 14.) Rodriguez alleges that Principal Costa and District Superintendent Regina Armstrong failed to conduct a proper investigation or support A.M.R. (Compl. at ¶ 15.)

Rodriguez alleges that three days after the alleged assault, the District issued a retaliatory suspension. (Compl. at ¶ 16.) Rodriguez asserts that A.M.R. was a student with a disability and entitled to statutory protection and unidentified accommodation. (Compl. at ¶ 17.)

Plaintiff asserts the following: (1st Cause of Action) an IDEA claim against the District; (2nd Cause of Action) an ADA claim against the District and individual defendants; (3rd Cause of Action) a Section 504 Rehabilitation Act claim against the District and individual defendants; (4th Cause of Action) a *Monell* claim against the District and individual defendants; (5th Cause of Action) a Title VII claim against the District; (6th Cause of Action) a conspiracy claim under 42 U.S.C. §1985(3) against the District and individual defendants; (7th Cause of Action) a discrimination and retaliation claim

1

under the NYSHRL against all defendants; (8th Cause of Action) a negligence claim against all defendants; (9th Cause of Action) a negligent supervision claim against the District; (10th Cause of Action) a respondeat superior claim against the District. In sum, plaintiff seeks to impermissibly manufacture federal claims out of a state law negligence claim.

**Point I          The Failure to Exhaust Administrative Remedies Bars the IDEA Claim**

A plaintiff's failure to exhaust administrative remedies under the IDEA deprives the federal court of subject matter jurisdiction. *See Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1075 (2021), *reh'g denied*, 141 S. Ct. 1530 (2021); *see also Avaras v. Clarkstown Cent. Sch. Dist.*, 2019 U.S. Dist. LEXIS 162087, * 25-26 (S.D.N.Y. 2019). Here, the complaint is devoid of any allegations showing plaintiff exhausted administrative remedies as to the challenged suspension.

**Point II          Plaintiff Cannot Sustain Disability-Based Discrimination/Retaliation Claims**

Preliminarily, there is no individual liability under the ADA or Section 504. *See e.g. Piotrowski v. Rocky Point U.F.S.D.*, 2023 WL 2710341, * 38 (E.D.N.Y. 2023) (citations omitted). Thus, no claim can lie against Costa. Next, emotional distress damage claims are not available under either Section 504 or the ADA. *See Doherty v. Bice*, 101 F.4th 169, 175 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 381 (2024). Thus, all such claims for emotional distress damage should be dismissed against the District.

To the extent there are any remaining damage claims, Section 504 and the ADA impose identical requirements and, thus, courts consider them in tandem. *See e.g. Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999). In *Doe v. E. Irondequoit Cent. Sch. Dist.*, 2018 U.S. Dist. LEXIS 76798, 2018 WL 2100605 (W.D.N.Y. 2018), the court held "[t]he fact that something bad happened to a student with an IEP, without more, does not establish a violation of the ADA or § 504." *Id.* at 72. No claim will lie absent some factual allegation linking the disability and the challenged conduct. *Id.* at 73-74. Similarly, in *Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F.Supp.3d 221 (E.D.N.Y. 2015), the Court dismissed ADA and Section 504 claims where the pleading was "devoid of any allegation" that the challenged conduct was based on the student's disability." *Id.* at 232.

"[A]s *Iqbal* makes clear, a plausible claim must come before discovery, not the other way around." *Angiulo v. Cty. of Westchester*, 2012 WL 5278523, at *3 (S.D.N.Y. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also McBeth v. Porges*, 171 F. Supp. 3d 216, 236 (S.D.N.Y. 2016) ("the Federal Rules of Civil Procedure do 'not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation.'") (quoting *Iqbal*).

Similarly, the companion claims asserted under the ADA and NYSHRL should be dismissed. Here, there is nothing surpassing speculation to indicate disability-based discrimination or retaliation, and no retaliatory predicate has even been alleged. Further, Title VII prohibits employment discrimination based on protected classes. Disability is not one of them and plaintiff and her child are not employees.

**Point III          Plaintiff Cannot Sustain a *Monell* Claim**

A municipal defendant cannot be held vicariously liable under § 1983 on a respondeat superior theory." *Kraft v. City of New York*, 696 F. Supp. 2d 403, 417 (S.D.N.Y. 2010). Rather, plaintiffs must show an unconstitutional policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

2

Here, plaintiff's conclusory allegations of policy and custom are insufficient to state a claim against the District. *See Lee-Walker v. New York City Dep't of Educ.*, 712 F. App'x 43, 45 (2d Cir. 2017). Further, a building principal is not a policymaker for purposes of a *Monell* claim. *See Agosto v. NYC Dept of Educ.*, 982 F.3d 86, 98-99 (2d Cir. 2020). "[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 D.3d 56, 61 (2d Cir. 1998). Further, in the absence of a Constitutional deprivation by the individual defendants, there can be no *Monell* claim against the District. *See Guity v. Uniondale U.F.S.D.*, 2017 U.S. Dist. LEXIS 27542, * 98 (E.D.N.Y. 2017).

Further, *Monell* does not apply to claims asserted against an individual in their individual capacity. *See Acquah v. City of Syracuse*, 2020 U.S. Dist. LEXIS 54667, *4-5. Further, absent specific allegations to the contrary, discretionary functions of a school principal should result in the application of qualified immunity from suit. *See Saggio v. Sprady*, 475 F.Supp.2d 203, 212 (E.D.N.Y. 2007).

**Point IV        No § 1985 Conspiracy Claim**

A § 1985 conspiracy claim requires a plaintiff show some factual basis to support a meeting of the minds between the defendants to achieve an unlawful end. *See Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Plaintiff alleges "no facts upon which it may be plausibly inferred that the defendants came to an agreement to violate his constitutional rights." *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012). This claim is also barred by the intracorporate conspiracy doctrine. *See De'Bey v. City of New York*, 2021 U.S. Dist. LEXIS 207665, * 42 (S.D.N.Y. 2021).

**Point V        The Plaintiff Parent Cannot State an Individual Claim Under State Law**

Punitive damages are not recoverable against a municipal entity such as the District. *See e.g., Monterroso v. City of New York*, 2024 U.S. Dist. LEXIS 16889, * 19 (S.D.N.Y. 2024.) The request for such damages should be dismissed.

The District and Costa further request that, in light of the anticipated motion, their time to answer the complaint be extended, pursuant to Fed. R. Civ. P. 12(a)(4), until 14 days after the Court's decision on the anticipated motion.[1]

Thank you for consideration of this matter.

Respectfully submitted,

GUERCIO & GUERCIO LLP

ADAM I. KLEINBERG

cc:        All Counsel of Record (via ECF)

---

[1] We note that defendant Armstrong was not a District employee at the time the summons and complaint was served on the District.