UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

**YOLANDA RODRIGUEZ**, as mother and natural guardian of
A.M.R., a minor,

                                              **25-cv-6175 (NJC)(LGD)**

                          Plaintiffs,

-against-

                                             **AMENDED COMPLAINT**
                                           **AND JURY DEMAND**

**HEMPSTEAD UNION FREE SCHOOL DISTRICT**,
**ROWENA COSTA**, **REGINA ARMSTRONG**, and
**JOHN DOE #1**,

                            Defendants.

-------------------------------------------------------------------------X

        Plaintiff **YOLANDA RODRIGUEZ**, as mother and natural guardian of A.M.R.[1], a minor

child, by and through their attorneys, Musa-Obregon Law, PC, alleges the following against

defendants **HEMPSTEAD UNION FREE SCHOOL DISTRICT**, **ROWENA COSTA**,

**REGINA ARMSTRONG**, and **JOHN DOE #1**:

---

<u>**PRELIMINARY STATEMENT**</u>

1. This is a civil rights and tort action seeking redress for the sexual assault of minor-plaintiff
   A.M.R., a student with a disability, on school grounds under the supervision of the
   Hempstead Union Free School District. The assault occurred due to the gross negligence
   and failure of school officials to provide appropriate supervision, in direct violation of the
   school district's statutory and common law duties. Following the assault, instead of
   supporting the minor-victim, school officials retaliated against A.M.R. by suspending him
   for one month to shield the school district from liability.

2. Plaintiff brings this action under:

---

[1] A.M.R.'s name is set forth in initials rather than his full name, as he is a minor child.

- The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq.;

- The Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.;

- Rehabilitation Act, 29 U.S.C. § 794 et seq.;

- 42 U.S.C. § 1983 – Monell Liability;

- 42 U.S.C. § 1983 – Conspiracy to Deprive Rights;

- 42 U.S.C. § 1985(3);

- The New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §290 et seq.;

- and New York common law (Negligence, Negligent Supervision, Respondeat Superior).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to **28 U.S.C. §§ 1331 and 1343(a)**.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under **28 U.S.C. § 1367(a)**.

5. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because the events giving rise to these claims occurred within the Eastern District of New York.

## PARTIES

6. **Plaintiff Yolanda Rodriguez** is the mother and natural guardian of minor-plaintiff **Adrian Mejia Rodriguez ("A.M.R.")**, who was at all relevant times a student at Joseph A. McNeil Elementary School in Hempstead, New York. Both are Hempstead residents.

7. **Defendant Hempstead Union Free School District ("Hempstead UFSD")** is a public school district organized under New York law, with its principal place of business in Nassau County, and is responsible for the operation and supervision of Joseph A. McNeil Elementary School. At all relevant times, Hempstead UFSD has received federal funding.

8. **Defendant Rowena Costa** is and was at all relevant times the Principal of Joseph A. McNeil Elementary School and an employee and agent of Hempstead UFSD, acting under color of state law and within the scope of her employment.

9. **Defendant Regina Armstrong** is and was at all relevant times the Superintendent of Schools for Hempstead UFSD and an agent of the school district, acting under color of state law and within the scope of her employment.

10. **Defendant John Doe #1** is an unidentified employee, agent, or representative of Hempstead UFSD whose conduct contributed to the violations and harm described herein. Plaintiff will amend this Complaint to reflect the true identity of John Doe #1 when known.

## **FACTUAL ALLEGATIONS**

11. Minor-Plaintiff A.M.R. has a "learning disability" classification and maintains an Individualized Education Program ("IEP") under the Individuals with Disabilities Education Act ("IDEA").

12. On **May 5, 2023**, minor-plaintiff **A.M.R.** was **sexually assaulted** by a fellow classmate during school hours on the grounds of **Joseph A. McNeil Elementary School**, located at 335 South Franklin Street, Hempstead, New York.

13. The school and its grounds are owned, operated, and controlled by **Hempstead UFSD**.

14. The sexual assault took place in the vicinity of a crowd of A.M.R.'s fellow classmates, yet **no teacher, administrator, or staff member was present** or in sight to supervise.

15. The sexual assault was interrupted by a **Good Samaritan** in a blue jacket, who was driving by and:

- Called the police,

- Verbally intervened, telling the assailant to end the sexual assault,

- Alerted school official **Mr. Biko** to the incident.

15. Despite this horrifying event and its implications for school safety, **Principal Rowena Costa** and **Superintendent Regina Armstrong** failed to conduct a proper investigation or adequately support the minor-victim.

16. Police responded to the school after the Good Samaritan's 911 call but were misinformed by school officials employed by the Hempstead UFSD, including John Doe #1, regarding the nature of the incident in order to minimize its and to hide its criminal nature – for the purpose of avoiding further scrutiny by police, such as a proper police investigation into the sexual assault.

17. That same day, after Plaintiff was called into the school and had arrived, Plaintiff and A.M.R. complained of the sexual assault to school officials employed by the Hempstead UFSD, including John Doe #1.

18. Instead, **on May 8, 2023**, just three days after the reporting of the sexual assault, school officials **suspended A.M.R. for one month**, through **June 9, 2023**, in a retaliatory action designed to conceal the failures of Hempstead UFSD and its staff.

19. That suspension was preceded by a meeting amongst the defendants, including John Doe #1, during which defendants discussed the reporting of the sexual assault by the Good Samaritan to Mr. Biko, as well as the complaint regarding the sexual assault by Plaintiff and A.M.R., and formed an agreement to levy the suspension based on a purposeful mislabeling of the incident as consensual sexual activity rather than the crime that it was, to shift the blame for the incident away from themselves and onto the victim, A.M.R.

20. At all relevant times, A.M.R. was a **student with a disability**, recognized under the IDEA, ADA and the Rehabilitation Act, and was entitled to accommodations and protections.

21. The actions and omissions of the Defendants resulted in severe **emotional distress, psychological harm, educational disruption, and lasting trauma** for A.M.R.

---

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of the IDEA**
**(Against Hempstead UFSD)**

19. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

20. Defendant Hempstead UFSD failed to address A.M.R.'s educational and emotional needs after the sexual assault and, instead, suspended him from school for over one (1) month in retaliation for Plaintiff's reporting of the sexual assault.

21. This failure and retaliation constitute violations of the IDEA, entitling Plaintiff to relief including compensatory education, damages, and attorneys' fees. Plaintiff also seeks to deter defendant Hempstead UFSD from engaging in such abuses against other disabled students in the future.

22. Plaintiff has not exhausted administrative remedies in pursuit of the aforementioned relief, because to have done so would have been futile. Also, it is highly improbable that the IDEA's administrative process would ever have resulted in the relief sought herein, as such relief is generally not available thereunder.

23. As a result of the foregoing, Plaintiff is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## SECOND CAUSE OF ACTION

### Violation of the Americans with Disabilities Act ("ADA")
### (Against Hempstead UFSD)

24. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

22. Defendant Hempstead UFSD intentionally discriminated against A.M.R. on the basis of his disability by suspending him instead of providing appropriate accommodations, supports, and safety measures.

23. Specifically, in the immediate aftermath of the sexual assault, Defendant Hempstead UFSD recognized A.M.R.'s vulnerability as a disabled person in that its representatives knew that, because of A.M.R.'s learning disability classification, he would not be able to effectively articulate the sexual abuse he had suffered and would also not be able to effectively advocate for himself when its representatives questioned A.M.R. about what had occurred.

24. As a result of the foregoing, Defendant Hempstead UFSD subjected A.M.R. to punishment in the form of a bogus suspension from school whereas it has not treated similarly situated non-disabled students in the same manner. In short, Defendant Hempstead UFSD deliberately used A.M.R.'s learning disability against him.

25. The retaliation, discrimination and denial of access constitute violations of the ADA.

26. As a result of the foregoing, Plaintiff is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the Defendant Hempstead UFSD in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## THIRD CAUSE OF ACTION

### Violation of the Rehabilitation Act (29 U.S.C. § 794) (Section 504 Cause of Action)
### (Against Hempstead UFSD)

27. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

28. Defendant Hempstead UFSD intentionally discriminated against A.M.R. on the basis of his disability by suspending him instead of providing appropriate accommodations, supports, and safety measures.

29. Defendant Hempstead UFSD's actions constitute an exclusion of A.M.R. from the educational benefits and services to which he is entitled as a matter of law under the Rehabilitation Act.

30. Specifically, in the immediate aftermath of the sexual assault, Defendant Hempstead UFSD recognized A.M.R.'s vulnerability as a disabled person in that its representatives knew that, because of A.M.R.'s learning disability classification, he would not be able to effectively articulate the sexual abuse he had suffered and would also not be able to effectively advocate for himself when its representatives questioned A.M.R. about what had occurred.

31. As a result of the foregoing, Defendant Hempstead UFSD subjected A.M.R. to punishment in the form of a bogus suspension from school whereas it has not treated similarly situated non-disabled students in the same manner. In short, Defendant Hempstead UFSD deliberately used A.M.R.'s learning disability against him.

32. This exclusion, retaliation, discrimination and denial of access constitute violations of the Rehabilitation Act, including Section 504.

33. As a result of the foregoing, Plaintiff is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against Defendant Hempstead UFSD in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FOURTH CAUSE OF ACTION

**Municipal Liability ("Monell Liability") under 42 U.S.C. § 1983**
**(Against Hempstead UFSD and Defendant Armstrong)**

34. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

35. Hempstead UFSD and Defendant Armstrong, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, policy, practice, procedure or rule of the respective municipality, which is forbidden by the Constitution of the United States.

36. The aforementioned customs, usages, policies, practices, procedures, and the rules included, but were not limited to, disregarding the needs of disabled students and retaliating against them whenever they complain of mistreatment with deliberate indifference to their rights under the ADA, IDEA and/or Rehabilitation Act.

37. In addition, the fact that Defendants Hempstead UFSD and Armstrong engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees on meeting the needs of disabled students was the moving force behind the

violation of A.M.R.'s rights, as described herein. As a result of their failure to properly recruit, screen, train, discipline and supervise its employees, they have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of Defendants Hempstead UFSD and Armstrong constituted deliberate indifference to the safety, well-being and constitutional rights of disabled students, including A.M.R.

39. The foregoing customs, policies, usages, practices, procedures and rules of Defendants Hempstead UFSD and Armstrong were the direct and proximate cause of the civil rights violations suffered by A.M.R., as alleged herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of Defendants Hempstead UFSD and Armstrong were the moving force behind the constitutional violations suffered by A.M.R., as alleged herein.

41. Defendants Hempstead UFSD and Armstrong, collectively and individually, while acting under color of state law, were directly and actively involved in violating the rights of A.M.R.

42. All of the foregoing acts by Defendants Hempstead UFSD and Armstrong deprived A.M.R. of federally protected rights, including, but not limited to, the right: to be free of discrimination based on his disability.

43. As a result of the foregoing, Plaintiff is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against Defendants Hempstead UFSD and Armstrong in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FIFTH CAUSE OF ACTION

**Conspiracy to Deprive Civil Rights under 42 U.S.C. § 1985(3)**
**(Against Hempstead UFSD and Individual Defendants)**

44. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

45. Defendants formed an agreement not to independently report the sexual assault against A.M.R. and to avoid conducting a thorough investigation thereof.

46. Thereafter, in furtherance of this agreement, Defendants enacted a punitive suspension against A.M.R.

47. As a result of the foregoing, Defendants engaged in a conspiracy to deprive A.M.R. of his civil rights and liberties, including but not limited to his rights under the IDEA, ADA, Rehabilitation Act and Title VII.

48. As a result of the foregoing, Plaintiff is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## SIXTH CAUSE OF ACTION

**Violation of New York State Human Rights Law ("NYSHRL")**
**(Against All Defendants)**

49. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

50. The discriminatory and retaliatory actions of Defendants constitute violations of the NYSHRL.

51. As a result of the foregoing, Plaintiff is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## SEVENTH CAUSE OF ACTION

**Negligence (Against All Defendants)**

52. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

53. Defendants owed a duty to supervise students and protect them from foreseeable harm.

54. Defendants breached that duty, directly causing A.M.R.'s injury.

55. As a result of the foregoing, Plaintiff is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## EIGHTH CAUSE OF ACTION

**Negligent Supervision (Against Hempstead UFSD)**

56. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

57. Hempstead UFSD failed to adequately supervise students and staff, resulting in the sexual assault of A.M.R.

58. As a result of the foregoing, Plaintiff is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## NINTH CAUSE OF ACTION

**Respondeat Superior (Against Hempstead UFSD)**

59. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

60. All acts by Principal Costa, Superintendent Armstrong, and other employees, including John Doe #1, were conducted within the scope of their employment, and their liability extends to Hempstead UFSD under the doctrine of respondeat superior.

61. As a result of the foregoing, Plaintiff is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## DAMAGES

62. As a direct and proximate result of the foregoing, A.M.R. has suffered:

- Physical and emotional distress,
- Educational harm and denial of services,
- Pain and suffering,
- Loss of educational opportunities.

63. Plaintiff seeks **compensatory and punitive damages**, as well as costs and attorneys' fees, in an amount to be determined at trial.

## JURY DEMAND

64. **Plaintiff demands a trial by jury** on all claims so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

---

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages in an amount to be determined at trial;
b. Award punitive damages as allowed by law;
c. Award reasonable attorneys' fees and costs under applicable law; and

d.   Grant such other and further relief as the Court deems just and proper.

---

**Dated:** February 2, 2026
**Maspeth, New York**

**Respectfully submitted,**

**/s/ Karl Ashanti**
**Karl Ashanti, Esq.**
**MUSA-OBREGON LAW, P.C.**
55-21 69th Street
Maspeth, NY 11378
Phone: (718) 803-1000
Email: k.ashanti@musa-obregon.com
**Attorney for Plaintiff**